UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY RHODES** | : | Case No. 09-CV-2480 |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** |
| **v.** | : | |
| **MANDY N. GROOMS** | : | **MEMORANDUM & ORDER** |
| **Defendant.** | : | |

Before the Court is Defendant Mandy Grooms' ("Defendant" or "Grooms") Motion to Dismiss or in the Alternative, Motion to Change Venue (Doc. 8). This motion has been fully briefed and is ripe for adjudication. For the reasons articulated below, Grooms' Motion to Dismiss is **GRANTED**, and this matter is **DISMISSED** without prejudice.

I. **BACKGROUND**

The facts at issue in this diversity action are simple: on October 18, 2008, Plaintiff Kimberly Rhodes ("Plaintiff" or "Rhodes") and Defendant Grooms were involved in a motor vehicle accident. It is undisputed that Plaintiff is an Ohio resident, Defendant is a Tennessee resident, and the accident took place in Tennessee.

On October 22, 2009, Rhodes filed a single-count Complaint against Grooms alleging negligence and seeking to recover damages for injuries she sustained as a result of the collision. (Doc. 1.) On December 10, 2009, Grooms filed a Motion to Dismiss or in the Alternative, Motion to Change Venue. (Doc. 8) In the Motion to Dismiss, Grooms argues that this Court lacks personal jurisdiction over her because she has no connection to Ohio. In the alternative, Grooms requests transfer of this case to the United States District Court for the Eastern District of Tennessee - Greeneville Division. On December 24, 2009, Plaintiff filed a Memorandum in Opposition to

Grooms' Motion to Dismiss asserting that jurisdiction is proper because "all substantial issues and evidence related to this case other than the defendant, are tied to the state of Ohio." (Doc. 9 at 1.)[1]

## II. STANDARD OF REVIEW

When personal jurisdiction is contested in a Rule 12(b)(2) motion, the plaintiff bears the burden of demonstrating that jurisdiction over a defendant is proper. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980), *cert. denied*, 450 U.S. 981 (1981); *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). In considering a motion to dismiss under Rule 12(b)(2), a district court has discretion to: (1) decide the issue solely on the basis of written materials; (2) permit discovery to assist with the decision; or (3) conduct an evidentiary hearing to resolve any apparent factual disputes. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). Where a court relies on written materials alone to reach its decision, the plaintiff "must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Id*.

Here, neither party has requested discovery or an evidentiary hearing, and the Court finds that a hearing is unnecessary. The Court further finds that the written materials submitted present no disputed questions of fact on the issue of personal jurisdiction. As discussed in greater detail below, the Court concludes that Plaintiff Rhodes has not made a *prima facie* showing of personal jurisdiction.

## III. DISCUSSION

### A. This Court Does Not Have Personal Jurisdiction Over Defendant Grooms.

To determine whether personal jurisdiction exists over a nonresident defendant, a federal

---

[1] Defendant Grooms did not file a reply in support of her Motion to Dismiss, and the time for doing so has now expired.

court sitting in diversity applies the law of the forum state subject to due process limitations. *Theunissen,* 935 F.2d at 1459 (citing *Welsh*, 631 F.2d at 439). A court's exercise of personal jurisdiction over a nonresident defendant is appropriate only if it meets both the state long-arm statute and constitutional due process requirements. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). Pursuant to this analysis, the Court first determines whether there is a basis for exercising personal jurisdiction over Defendant Grooms under Ohio's long-arm statute. If so, the Court must determine whether the exercise of jurisdiction comports with due process requirements.

Rhodes does not argue that her allegations against Grooms satisfy the Ohio long-arm statute. Indeed, Rhodes does not even identify which prong of Ohio's long-arm statute might apply to establish personal jurisdiction over Defendant Grooms. The only potentially relevant portions of Ohio's long-arm statute provide, in pertinent part, that:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state; . . .
>
> (3) Causing tortious injury by an act or omission in this state; [or]
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state . . .

O.R.C. § 2307.382(A)(1), (3)-(4).[2] Specific jurisdiction under the long-arm statute "requires that the injury arise out of the [defendant's] contacts with Ohio." *See Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006) (citing O.R.C. § 2307.382(C) ("[w]hen jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be

---

[2]The parties do not assert that any other subsections of the Ohio long-arm statute could apply.

3

asserted against him.")) Therefore, long-arm jurisdiction, "unlike general jurisdiction, exists only as to causes of action arising out of the particular contacts on which jurisdiction is based." *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 08cv977, 2009 U.S. Dist. LEXIS 11023, *15-16 (N.D. Ohio Feb. 13, 2009) (citing *Preferred RX, Inc. v. Am. Prescription Plan Inc.*, 46 F.3d 535, 550 (6th Cir. 1995)).[3]

Rhodes has not articulated *any* basis for an assertion of personal jurisdiction over Defendant Grooms, and fails to allege that Grooms engaged in any of the activities enumerated in Ohio's long-arm statute. The sole claim in the Complaint is that Grooms negligently operated her motor vehicle and caused a collision with Rhodes' vehicle in Tennessee. (Doc. 1 at ¶ 5.) Plaintiff's cause of action for negligence did not arise out of Defendant Grooms' contacts with Ohio because no such contacts are alleged. For example, Rhodes does not allege that Grooms committed any "act or omission" in Ohio. Nor does she allege that Grooms "regularly does or solicits business" or "derives substantial revenue from goods used or consumed or services rendered" in Ohio. It is undisputed, moreover, that Defendant Grooms resides in Tennessee and the automobile accident giving rise to

---

[3]General jurisdiction exists where a defendant has "continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims." *Kerry Steel v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). Plaintiff does not allege that general jurisdiction exists in this case, and, based on the parties' briefing, there are no allegations that Defendant Grooms engaged in "continuous and systematic" conduct within Ohio. As such, the Court need not address whether Ohio recognizes general jurisdiction over nonresident defendants. *See Young v. Kiebler Rec., LLC*, No. 09cv1810, 2010 U.S. Dist. LEXIS 6051, *9-10 (N.D. Ohio Jan. 26, 2010) (noting that "several federal courts applying Ohio law have found that the state also recognizes general jurisdiction as implied in the terms of [the] long-arm statute"). The Court merely notes, once again, that Ohio law on this issue is debatable. *See J4 Promotions*, 2009 U.S. Dist. LEXIS 11023 at *16-17 n. 8 (citing *Avery Dennison Corp. v. Alien Tech. Corp.*, 632 F.Supp.2d 700, 709 (N.D. Ohio 2008) (O'Malley, J.) (citing *Swinson v. FedEx Nat'l Inc.*, No. 08cv1028, 2008 U.S. Dist. LEXIS 76292, *2-4 (N.D. Ohio Aug. 28, 2008) (O'Malley, J.))). Because Plaintiff does not argue that general jurisdiction exists, the Court's analysis is limited to whether Defendant Grooms is subject to specific jurisdiction stemming from one of the acts enumerated in the long-arm statute.

this action occurred in Tennessee.

In her responsive briefing, Rhodes emphasizes that: (1) she lives in Ohio; (2) her motor vehicle, which was involved in the accident, currently is located in Ohio; and (3) she sought and obtained medical treatment in Ohio.[4] (Doc. 9 at 2.) While each of these contacts demonstrate how *Rhodes* is connected to Ohio – they have no bearing on whether *Grooms* has any contacts with this state. Simply put, Rhodes' unilateral activities and connections to Ohio are irrelevant to whether the Court can exercise personal jurisdiction over Defendant Grooms.

Based on the parties' briefing, the Court finds that Rhodes has not identified *any* contacts between Defendant Grooms and Ohio. Accordingly, Rhodes has not made a *prima facie* showing that this Court has personal jurisdiction over Defendant Grooms under Ohio's long-arm statute.

Because Rhodes fails to satisfy the Ohio long-arm statute, the Court need not, and does not, resolve whether the exercise of personal jurisdiction would satisfy federal due process requirements. *See Brunner*, 441 F.3d at 467 (finding that, because the Ohio long-arm statute was not satisfied, the court had "no reason to analyze" whether due process requirements were met); *see also Cooper v. Digital Processing Sys.*, 182 F.R.D. 242, 252 (N.D. Ohio 1998) ("If the Ohio long-arm statute does not provide a basis for the exercise of personal jurisdiction over the nonresident [party], jurisdiction is unavailable even if the exercise of such would not violate due process."). The Court finds, therefore, that it lacks personal jurisdiction over Defendant Grooms.

---

[4] Rhodes also argues that Grooms' "participation in the case is unnecessary and unlikely," and thus the Court should exercise personal jurisdiction because this is the more convenient forum for Rhodes. (Doc. 9 at 2.) Convenience to the plaintiff is not an appropriate basis for asserting jurisdiction over a nonresident defendant.

5

### B. The Court Will Not Transfer this Case to the United States District Court for the Eastern District of Tennessee.

Even when personal jurisdiction is lacking, a district court has the discretion to transfer a case to a proper forum rather than dismiss it outright. 28 U.S.C. § 1406(a); *see Krawec v. Allegany Co-op Insurance Co.*, No. 08-cv-2124, 2009 U.S. Dist. LEXIS 57792, *10-11 (N.D. Ohio July 7, 2009). Specifically, Section 1406(a) requires dismissal of "a case laying venue in the wrong division or district," unless the district court finds, "in the interest of justice," that the case should be transferred to the district "in which it could have been brought."[5]

A district court has broad discretion to determine whether dismissal or transfer is appropriate. *Stanifer v. Brannan*, 564 F.3d 455, 456-57 (6th Cir. 2009) (upholding the district court's order dismissing the plaintiff's complaint rather than "transferring the case to the district that the plaintiff's attorney undoubtedly knew was the correct one all along"). The Sixth Circuit has consistently held that this "broad discretion is abused when it is not at least exercised." *Jackson v. L&F Martin Landscape*, No. 08-3904, 2009 U.S. App. LEXIS 15097, *5-6 (6th Cir. July 6, 2009) ("We have previously recognized that it is an abuse of discretion for a district court 'to refuse to transfer without determining whether transfer would be in the interest of justice.'").

The Court finds that the interests of justice do not require transfer of this action. Although Defendant Grooms admits that venue would be proper in the Eastern District of Tennessee, she seeks transfer only as an alternative to continuing to litigate in this Court. Plaintiff Rhodes has not requested transfer, and, in fact, Rhodes specifically states that she does not want the Court to transfer

---

[5]The Court cannot transfer this case pursuant to 28 U.S.C. § 1404(a) because it lacks personal jurisdiction over Defendant Grooms. *See Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) ("Section 1404(a) permits a change of venue for the convenience of parties and witnesses. However, a transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants.").

this case to the Eastern District of Tennessee.[6]

The Court concludes that dismissal, rather than transfer, is appropriate. This dismissal is without prejudice and thus Rhodes can re-file this litigation in an appropriate forum. *See Intera Corp. v. Henderson*, 428 F.3d 605, 620-21 (6th Cir. 2005) (finding that dismissal for lack of personal jurisdiction is without prejudice).[7]

### IV. CONCLUSION

For the foregoing reasons, the Court finds that it lacks personal jurisdiction over Defendant Grooms. Accordingly, Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**. Defendant's alternative request to transfer to the Eastern District of Tennessee is denied. Plaintiff's Complaint, therefore, is **DISMISSED** without prejudice pursuant to Federal Rule 12(b)(2).

**IT IS SO ORDERED.**

                                                           s/Kathleen M. O'Malley
                                                         **KATHLEEN McDONALD O'MALLEY**
                                                         **UNITED STATES DISTRICT JUDGE**

**Dated: May 26, 2010**

---

[6] In her responsive briefing, Plaintiff states that, "[i]f this Court were to find that Jurisdiction or Venue is inappropriate; Plaintiff Rhodes requests an opportunity to voluntarily dismiss this case prior to venue being transferred to Tennessee Federal Court." (Doc. 9 at 3.) Plaintiff cites no authority supporting this request, and the Court has found none. If Plaintiff wanted to voluntarily dismiss her Complaint, she could have easily done so under the appropriate subsection of Rule 41 of the Federal Rules of Civil Procedure.

[7] The Sixth Circuit has recently noted that transfer rather than dismissal may be appropriate where the plaintiff's cause of action would be barred by the applicable statute of limitations. *Jackson v. L&F Martin Landscape*, No. 08-3904, 2009 U.S. App. LEXIS 15097, *8 (6th Cir. July 6, 2009). In some cases, a statute of limitations issue may exist that would bar a litigant from pursuing otherwise viable claims if a first-filed lawsuit is dismissed and a second action is initiated in another jurisdiction. This concern is not a factor in this case, however, because Plaintiff requests dismissal and has not raised any issues relating to the applicable statute of limitations.